IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 24, 2013

## STEPHAN L. BEASLEY, SR. v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 285382      Don W. Poole, Judge**

**No. E2012-02208-CCA-R3-HC - Filed October 15, 2013**

The petitioner, Stephan L. Beasley, Sr., filed for habeas corpus relief from his conviction for first degree murder. The habeas corpus court denied the petition, and the petitioner appeals. Upon review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Stephan L. Beasley, Sr., Clifton, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and John H. Bledsoe, Senior Counsel, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

In 1994, a Hamilton County Criminal Court Jury convicted the petitioner of first degree premeditated murder and sentenced him to life imprisonment without the possibility of parole. The petitioner appealed his conviction, arguing that the State failed to prove premeditation and deliberation, and this court affirmed his conviction and sentence. See State v. Stephen Lajaun Beasley, No. 03C01-9509-CR-00268, 1996 WL 591203, at *1 (Tenn. Crim. App. at Knoxville, Oct. 10, 1996).

Thereafter, the petitioner filed for post-conviction relief, alleging that his trial counsel was ineffective. The post-conviction court denied the petition, and, on appeal, this court affirmed the judgment of the post-conviction court. See Stephen Lajuan Beasley v. State,

No. E2000-01336-CCA-R3-PC, 2001 WL 387385, at *1 (Tenn. Crim. App. at Knoxville, Apr. 17, 2001).

In 2004, the petitioner filed a petition for a writ of habeas corpus, "alleging that the indictment was defective; that the state improperly amended the indictment during trial; that there was a fatal variance between the indictment and the proof at trial; and that the sentence was illegal because the jury was permitted to consider improper evidence during the sentencing phase." Stephen Lajuan Beasley v. State, No. E2005-00367-CCA-MR3-HC, 2005 WL 3533265, at *1 (Tenn. Crim. App. at Knoxville, Dec. 27, 2005). The habeas corpus court summarily dismissed the petition, the petitioner appealed, and this court affirmed the judgment of the habeas corpus court. Id.

In August 2011, the petitioner filed a second petition for a writ of habeas corpus, arguing that "the trial court 'had no jurisdiction to instruct trial jury and argue murder in perpetration of felony reckless' [and that] he 'was not indicted nor charged with the offense of Burglary or theft, nor did Petitioner plea[d] guilty [to] such offenses.'" Stephen L. Beasley v. State, No. W2011-01956-CCA-R3-HC, 2012 WL 2384051, at *3 (Tenn. Crim. App. at Jackson, June 25, 2012). The habeas corpus court summarily dismissed the petition, the petitioner appealed, and this court affirmed the judgment of the habeas corpus court.

On September 4, 2012, the petitioner filed a third petition for a writ of habeas corpus, which is the subject of the instant appeal. In his petition, he alleged that "[t]his is petitioner['s] first petition for relief in regard to these claims." Additionally, he asserted that "his restraint is due to offenses not included in the indictment," namely burglary and theft. Finally, he complained that because he was not indicted for burglary, theft, or felony murder, he was therefore "ambushed" when the State was able to convince the jury to enhance his sentence to life without parole due to the aggravating circumstance of murder being committed during the perpetration of a burglary and theft.

The habeas corpus court denied the petition, finding that the petitioner failed to allege grounds for habeas corpus relief. Specifically, the court stated that "[a]lthough the illegality of a sentence is a ground for [habeas corpus] relief, the application of enhancement factors is not." Moreover, the court noted that prior to trial, the State "filed an amended notice of intent to seek life imprisonment without the possibility of parole listing two . . . aggravating circumstances, the especially heinous, atrocious, or cruel nature of the offense and its commission in the course of the burglary or theft." On appeal, the petitioner contends that the habeas corpus court erred by denying the petition.

## II. Analysis

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). Accordingly, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101. In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 995 S.W.2d at 83).

The State argues that the petition did not comply with the statutory requirements for filing a habeas corpus petition. "Without question, the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously." Archer v. State, 851 S.W.2d 157, 165 (Tenn. 1993). Specifically, Tennessee Code Annotated section 29-21-107 provides:

> (a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.
>
> (b) The petition shall state:
>
> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;
>
> (2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal

process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

The State correctly asserts that the petitioner failed to attach copies of the judgments at issue, failed to state that the legality of his restraint has not already been adjudicated, and failed to correctly state that the instant petition was not his first application for a writ of habeas corpus. See Tenn. Code Ann. § 29-21-107; Cox v. State, 53 S.W.3d 287, 292 (Tenn. Crim. App.2001). However, because the lower court did not deny the petition on procedural grounds, neither will we. See Hickman v. State, 153 S.W.3d 16, 23 (Tenn. 2004).

The State alleges that the petitioner's claims have already been determined in his two previous habeas corpus proceedings. We agree. Regarding the petitioner's 2004 habeas corpus petition, this court stated that

> the petitioner alleges that the state constructively amended the indictment by presenting proof that the petitioner was guilty of felony murder in addition to proof that he was guilty of premeditated murder. He also complains, on the same basis, that there was a fatal variance between the indictment and the proof at trial. Neither issue presents a cognizable ground for habeas corpus relief.

Stephen Lajuan Beasley v. State, No. E2005-00367-CCA-MR3-HC, 2005 WL 3533265, at *4 (Tenn. Crim. App. at Knoxville, Dec. 27, 2005).

Further, regarding his 2011 habeas corpus petition, this court stated that the petitioner

> states in his petition that he was properly sentenced to life in confinement for his first degree premeditated murder conviction, but he contends that the jury improperly considered evidence that he also committed "burglary" by stealing the victim's

jewelry from her dying body when it sentenced him to life
without parole. The [petitioner's] claim is not one that is
cognizable pursuant to the habeas corpus statutes. Such claims,
if in fact error, would render the judgment voidable rather than
[void].

. . . Finally, to the extent that the [petitioner] claims that the jury
improperly considered burglary as an aggravating factor when
sentencing him, we conclude that we previously addressed that
issue in [his] first habeas corpus petition.

Stephen L. Beasley v. State, No. W2011-01956-CCA-R3-HC, 2012 WL 2384051, at *4-5
(Tenn. Crim. App. at Jackson, June 25, 2012).

Our supreme court has held that "under the law of the case doctrine, an appellate
court's decision on an issue of law is binding in later trials and appeals of the same case if
the facts on the second trial or appeal are substantially the same as the facts in the first trial
or appeal" Memphis Publ'g Co. v. Tenn. Petroleum Underground Storage Tank Bd., 975
S.W.2d 303, 306 (Tenn. 1998). In other words,

"issues previously litigated and decided by a court of competent
jurisdiction . . . need not be revisited. This rule promotes the
finality and efficiency of the judicial process, avoids indefinite
relitigation of the same issue, fosters consistent results in the
same litigation, and assures the obedience of lower courts to the
decisions of appellate courts."

State v. Jefferson, 31 S.W.3d 558, 561 (Tenn. 2000) (quoting Memphis Publ'g Co., 975
S.W.2d at 306). Therefore, we conclude that the habeas corpus court did not err in denying
the habeas corpus petition.

## III. Conclusion

Finding no error, we affirm the judgment of the habeas corpus court.

_____
NORMA McGEE OGLE, JUDGE